UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>12 Charles Street, Houlton, ME 04730 |
| **Ruth E. Goldsmith** | Mortgage:<br>September 29, 2004 |
| **Defendant** | Book 4033, Page 222 |
| **Midland Funding, LLC** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Ruth E. Goldsmith, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Ruth E. Goldsmith, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Three

Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a national association with its principal place of business located at 3900 Wisconsin Avenue, NW, Washington, D.C. 20016-2892.

5. The Defendant, Ruth E. Goldsmith, is a resident of Houlton, County of Aroostook and State of Maine.

6. The Party-in-Interest, Midland Funding, LLC, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

## FACTS

7. On September 29, 2004, by virtue of a Warranty Deed from Charles W. Schiavone, which is recorded in the Aroostook County Registry of Deeds - Southern in **Book 4033, Page 220**, the property situated at 12 Charles Street, County of Aroostook, and State of Maine, was conveyed to the Defendant, Ruth E. Goldsmith, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On September 29, 2004, the Defendant, Ruth E. Goldsmith, executed and delivered to First Horizon Home Loan Corporation a certain Note in the amount of $72,000.00.  *See* Exhibit

B (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

9. To secure said Note, on September 29, 2004, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation, securing the property located at 12 Charles Street, Houlton, ME 04730 which Mortgage Deed is recorded in the Aroostook County Registry of Deeds - Southern in **Book 4033**, **Page 222**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated August 18, 2014 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5350**, **Page 205**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated August 26, 2016 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5582**, **Page 238**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. On April 18, 2019, the Defendant, Ruth E. Goldsmith, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant, Ruth E. Goldsmith, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

14. The Defendant, Ruth E. Goldsmith, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

18. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,124.56 dated January 10, 2013, and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5149**, **Page 109** and is in second position behind Plaintiff's Mortgage.

19. The total debt owed under the Note and Mortgage as of June 26, 2019 is One Hundred Twenty-Three Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $62,183.59 |
| Interest | $28,109.85 |
| Escrow Advance | $22,333.64 |
| Deferred Late Charges | $75.90 |
| Corporate Advances | $11,275.00 |
| Grand Total | $123,977.98 |

20. Upon information and belief, the Defendant, Ruth E. Goldsmith, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

21. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related Mortgage and title located at 12 Charles Street, Houlton, County of Aroostook, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

24. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Ruth E. Goldsmith, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of June 26, 2019 is One Hundred Twenty-Three Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $62,183.59 |
| Interest | $28,109.85 |
| Escrow Advance | $22,333.64 |
| Deferred Late Charges | $75.90 |
| Corporate Advances | $11,275.00 |
| Grand Total | $123,977.98 |

27. The record established through the Aroostook County Registry of Deeds - Southern indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

29. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Ruth E. Goldsmith, on April 18, 2019, evidenced by the Certificate of Mailing. *See* Exhibit F.

30. The Defendant, Ruth E. Goldsmith, is not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On September 29, 2004, the Defendant, Ruth E. Goldsmith, executed and delivered to First Horizon Home Loan Corporation a certain Note in the amount of $72,000.00. *See* Exhibit B.

33. The Defendant, Ruth E. Goldsmith, is in default for failure to properly tender the May 1, 2013 payment and all subsequent payments. *See* Exhibit F.

34. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ruth E. Goldsmith.

35. The Defendant, Ruth E. Goldsmith, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Ruth E. Goldsmith's breach is knowing, willful, and continuing.

37. The Defendant Ruth E. Goldsmith's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of June 26, 2019, if no payments are made, is One Hundred Twenty-Three Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $62,183.59 |
| Interest | $28,109.85 |
| Escrow Advance | $22,333.64 |
| Deferred Late Charges | $75.90 |
| Corporate Advances | $11,275.00 |
| Grand Total | $123,977.98 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Ruth E. Goldsmith, entered into a written contract with First Horizon Home Loan Corporation who agreed to loan the amount of $72,000.00 to the Defendant. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Ruth E. Goldsmith, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to First Horizon Home Loan Corporation, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Ruth E. Goldsmith, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2013 payment and all subsequent payments. *See* Exhibit F.

45. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ruth E. Goldsmith.

46. The Defendant, Ruth E. Goldsmith, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Ruth E. Goldsmith, is indebted to Federal National Mortgage Association in the sum of One Hundred Twenty-Three Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

48. Defendant Ruth E. Goldsmith's breach is knowing, willful, and continuing.

49. Defendant Ruth E. Goldsmith's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of June 26, 2019, if no payments are made, is One Hundred Twenty-Three Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $62,183.59 |
| Interest | $28,109.85 |
| Escrow Advance | $22,333.64 |
| Deferred Late Charges | $75.90 |
| Corporate Advances | $11,275.00 |
| Grand Total | $123,977.98 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. First Horizon Home Loan Corporation, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Ruth E. Goldsmith, $72,000.00. *See* Exhibit B.

54. The Defendant, Ruth E. Goldsmith, is in default for failure to properly tender the May 1, 2013 payment and all subsequent payments. *See* Exhibit F.

55. As a result of the Defendant Ruth E. Goldsmith's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal National Mortgage Association.

56. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

57. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. First Horizon Home Loan Corporation, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Ruth E. Goldsmith, $72,000.00. *See* Exhibit B.

59. The Defendant, Ruth E. Goldsmith, has failed to repay the loan obligation.

60. As a result, the Defendant, Ruth E. Goldsmith, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to First Horizon Home Loan Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Ruth E. Goldsmith, is in breach of the Note by failing to make payment due as of May 1, 2013, and all subsequent payments;

d) Find that the Defendant, Ruth E. Goldsmith, is in breach of the Mortgage by failing to make payment due as of May 1, 2013, and all subsequent payments;

e) Find that the Defendant, Ruth E. Goldsmith, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Ruth E. Goldsmith, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2013 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Ruth E. Goldsmith has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendant, Ruth E. Goldsmith, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendant, Ruth E. Goldsmith, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Ruth E. Goldsmith, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Ruth E. Goldsmith, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Ruth E. Goldsmith;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Ruth E. Goldsmith, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Twenty-Three Thousand Nine Hundred Seventy-Seven and 98/100 ($123,977.98 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

|  |  |
|---|---|
| | Respectfully Submitted,<br>Federal National Mortgage Association,<br>By its attorneys, |
| Dated: June 26, 2019 | /s/ Reneau J. Longoria, Esq.<br>/s/ John A. Doonan, Esq.<br>John A. Doonan, Esq., Bar No. 3250<br>Reneau J. Longoria, Esq., Bar No. 5746<br>Attorneys for Plaintiff<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 225D<br>Beverly, MA 01915<br>(978) 921-2670<br>JAD@dgandl.com<br>RJL@dgandl.com |